TEXAS & PACIFIC RAILWAY COMPANY v. KING BROS.

Decided February 9, 1907.

**Killing Stock by Railroad—Insufficient Evidence.**

In a suit against a railroad for the value of a mule alleged to have been killed by defendant's train, the evidence showed that the mule escaped during the night from its enclosure and was found dead on defendant's right of way; the right of way was fenced but the fences and cattle guards were defective and insufficient; the killing occurred within the corporate limits of a city which prohibited stock from running at large; there were signs of blood and hair on the track where the mule was found, but no evidence of abrasions or injuries on the mule; there were no eye-witnesses to the killing. Held, insufficient to sustain a verdict against the defendant.

Appeal from the County Court of Kauffman County. Tried below before Hon. H. N. Cosnahan.

*W. L. Hall* and *T. L. Stanfield,* for appellant.—The burden of proof is upon the plaintiff to establish by a preponderance of testimony the fact that the animal was struck by the defendant's locomotive or cars. International & G. N. Ry. v. Cocke, 64 Texas, 154; Bethje v. Houston & T. C. Ry. Co., 26 Texas, 605; San Antonio & A. P. Ry. v. Tamborello, 67 S. W. Rep., 926 and authorities cited; Houston & T. C. Ry. v. Hollingsworth, 68 S. W. Rep., 725, and authorities cited; St. Louis, I. M. & S. Ry. v. Parks, 29 S. W. Rep., 464.

It must be shown that the killing was the result of negligence and the negligence must be determined by the facts which exist in the particular case. Gulf, C. & S. F. Ry. v. Rowland, 82 Texas, 166; Gulf, C. & S. F. Ry. v. Evansich, 61 Texas, 3; Houston & T.. C. Ry. v. Jones, 40 S. W. Rep., 745; Texas & Pac. Ry. v. Payne, 35 S. W. Rep., 297.

Where it is shown that there is a law or valid ordinance in force at the place where the injury occurs the defendant will not be liable unless it is shown that the persons in charge of the locomotive were guilty of gross negligence, and they had the right to presume that the inhabitants of the city would obey the law, and they were not even required to keep a look out for such animals as are prohibited from running at large. International & G. N. Ry. v. Dunham, 68 Texas, 234; International & G. N. Ry. v. Cocke, 64 Texas, 151; Houston & T. C. Ry. v. Nichols, 39 S. W. Rep., 954; Houston & T. C. Ry. Co. v. Jones, 40 S. W. Rep., 745.

No brief for appellees.

RAINEY, CHIEF JUSTICE.—This is a suit by appellees against the appellant to recover for the value of one mule alleged to have been killed by a train of appellant. A trial was had before the court, a jury being waived, which resulted in a judgment in favor of plaintiffs, from which judgment the defendant appeals.

The facts show that plaintiffs' mule escaped one night from their enclosure and next morning it was found dead on defendant's right of way, where fenced. Near where the mule was killed was a street crossing, which was left open, and a cattle guard erected on the side to prevent the entrance of stock on the right of way, but said guard was defective and not sufficient to turn stock. The mule had been freshly shod and mule tracks similar to those of the mule of appellees were found near the cattle guard and indicated that the mule had passed over it. There were signs of blood and hair on the track, but there were no signs of an abrasion or injuries on the mule testified to. No testimony that a train had passed during the night; nor was there any other evidence tending to show that a train had struck the mule, or tending to show any negligence on the part of defendant's servants in regard to the killing. The mule was found dead in the corporate limits of the city of Terrell, in which city there existed at that time a valid ordinance prohibiting stock from running at large.

The evidence is totally insufficient to warrant a recovery and the judgment is reversed and judgment here rendered for appellant.

*Reversed and rendered.*