STEWART v. TEXAS & P. RY. CO.

(Court of Civil Appeals of Texas. Dallas. April 4, 1914.)

RAILROADS (§ 443*)—INJURIES TO ANIMALS ON TRACKS—EVIDENCE.

In an action against a railway company for the value of plaintiff's horse, found dead upon defendant's right of way underneath a trestle, evidence *held* not sufficient to take to the jury the question whether the horse was killed by a train.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1608–1620; Dec. Dig. § 443.*]

Error to Kaufman County Court; James A. Cooley, Judge.

Action by Guy Stewart against the Texas & Pacific Railway Company. From a judgment for defendant, plaintiff brings error. Affirmed.

Huffmaster & Huffmaster, of Kaufman, for plaintiff in error. W. Dorsey Brown, of Kaufman, for defendant in error.

RASBURY, J. Plaintiff in error sued defendant in error to recover the value of a horse alleged to have been killed by appellee's train, due to its negligent operation. There was a trial before jury, and at the conclusion of the testimony the court instructed verdict for defendant in error, which was followed by judgment.

The facts show that the horse escaped during the night from a pasture, without the fault or negligence of plaintiff in error, and, as shown by its tracks, entered defendant in error's right of way, which was fenced, over a defective cattle guard at the intersection of the railway and a public road, which was insufficient to turn stock. The animal's tracks were also found on defendant in error's tracks at a point about 600 feet distant from where it supposedly entered the right of way; also blood and hair on a trestle in that immediate vicinity, and near by, on the right of way, the animal's body had been buried by some one.

The trial judge concluded as matter of law that the evidence failed to disclose that the animal was struck and killed by defendant in error's train. It seems to us the conclusion was correct. No evidence, circumstantial or otherwise, was adduced tending to establish that one of defendant in error's trains struck the animal. No wounds were proven to the animal of such character as would likely have been inflicted by the train's engine; nor was it shown in that connection that any train or trains passed the point during the night after the animal escaped, or any other fact or circumstance from which it could legitimately have been inferred that a train of defendant in error struck the animal. We think, as the evidence appears in the record, it would support the conclusion that the animal strayed upon the trestle and fell therefrom and received its injuries as much as it would the conclusion that the train struck it. Such being the condition of the testimony, the trial court did not err, and it becomes our duty to affirm the case, particularly so since it does not appear that proffer of additional evidence was made in motion for new trial to meet the hiatus developed upon trial. Texas &

Pacific Ry. Co. v. King Bros., 45 Tex. Civ. App. 265, 99 S. W. 1030; S. A. & A. P. Ry. Co. v. Tamborello, 67 S. W. 926; Beaumont, S. L. & W. Ry. Co. v. Langford, 104 S. W. 920.

The judgment is affirmed.